UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Joshua Winsor,
on behalf of himself and all
others similarly situated,
    Plaintiff

v.

TBD Pizza, Inc., Eric
DeLorenzo, Robert P. Rivard,
John Doe Corporation 1-10, and
John Doe 1-10,
    Defendants

Case No. 19-cv-992-SM
Opinion No. 2021 DNH 065

## **O R D E R**

This case presents an interesting variant of a preliminary question regarding when formal notice of a collective wage action under the Fair Labor Standards Act should be given to potential members. Courts seem to be resolving that question in different, and conflicting ways. Plaintiff asserts state law wage claims, but his primary claim alleges that his employer is violating the federal minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et. seq. He seeks to litigate on behalf of a "collective" of all similarly situated employees. Accordingly, plaintiff moves for "conditional certification" of the described collective, and seeks authorization to send formal "notice" of the collective action to those similarly situated employees, so each may be made aware of the suit, and may decide

whether or not to "opt in" to the collective.  Unlike plaintiff, most members of the proposed collective signed arbitration agreements that facially preclude their participation in a collective wage suit.  That is not an uncommon situation, and raises familiar questions about whether notice should be given to those employees.  What is different here is that the arbitration agreements include a mandatory forum selection clause, requiring any enforcement or other legal action to construe or apply the agreements' terms to be brought in a federal or state court in Boston, Massachusetts.

    Defendant TBD Pizza, Inc., is incorporated and headquartered in Massachusetts.  Defendants DeLorenzo and Rivard own TBD, which owns and operates six Domino's Pizza stores, three of which are located in New Hampshire, and three in Massachusetts.  At those stores, defendants employ delivery drivers, who deliver pizzas and other food items to customers' homes and workplaces, using their own vehicles.  Plaintiff says defendants do not fully reimburse the delivery drivers for automobile-related expenses.  Plaintiff argues that the difference between what TBD reimburses and the actual expenses incurred by drivers amounts to a "kick back" to defendants, which results in effectively reduced hourly wages that fall below federal and state minimum requirements.

Winsor moves the court to "conditionally certify" a collective action under the FLSA and seeks authorization to send formal "notice" of that action to all similarly situated current and former delivery drivers employed by defendants in New Hampshire and Massachusetts. Defendants object, arguing that formal notice should not be sent to at least 368 TBD delivery drivers – nearly all of the employees who would make up the proposed collective – because each has entered into a mutually-binding arbitration agreement subjecting all employment-related claims to arbitration. Those agreements, defendants say, preclude participation in a collective wage lawsuit.[1]

Under the arbitration agreements, TBD employees are obligated to submit employment-related claims to arbitration, including wage claims brought under the FLSA. See Rivard Affidavit ¶ 11 (document no. 28-1). See also Rivard Aff., Exh. A, ¶2(i). The arbitration agreements specifically provide that "[a]rbitration of any and all claims and disputes covered by this Agreement shall be submitted, and conducted on an individual basis, not a class, collective, or representative basis." See id., Exh. A at ¶4. The agreements further require

---

[1] Defendants also argue that the court lacks personal jurisdiction over them with respect to claims by any Massachusetts plaintiffs, and, therefore, notice should not be sent to any delivery drivers who worked at their Massachusetts stores.

3

that any dispute or claim relating to the scope, validity, or enforceability of the agreement also be submitted to arbitration.  Finally, and critically, the arbitration agreements include a mandatory forum selection clause that reads: "[a]ny action brought to interpret and/or enforce this Agreement shall be tried in state or federal courts located in Boston, Massachusetts; all claims to improper venue and forum non conveniens are waived."[2]  Rivard Affidavit, Exh. A at ¶10.

Without "accurate and timely notice concerning the pendency of the collective action," employees cannot "make informed decisions about whether to participate."  Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989).  Defendants contend, however, that TBD delivery drivers subject to arbitration agreements should not receive notice of the proposed collective because they cannot make an informed decision about whether to participate, because they are contractually precluded from doing so.  Giving futile notice, they argue, might put the court in the position of improperly "stirring up litigation," or seeming to implicitly endorse the merits of the plaintiff's claims, which the Supreme Court has plainly discouraged.  See Hoffmann-

---

[2]   As mentioned, defendants assert that at least 368 current and former delivery drivers have entered into arbitration agreements with TBD, based on its preliminary review of personnel records.  (TBD has not located an arbitration agreement between TBD and plaintiff.)

4

La Roche v. Sperling, 493 U.S. 165, 174 (1989) ("[i]n exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality.  To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action.").  Defendants assert that the agreements are valid, enforceable, and applicable to the present dispute.

Whether a TBD delivery driver is entitled to notice depends on his or her being similarly situated to the plaintiff and eligible to opt into the collective.  The plaintiff is not bound by the arbitration agreement (at least defendants have not produced one that he signed).  Drivers who are bound by the arbitration agreements are facially ineligible but might be eligible if the arbitration agreement is invalid or unenforceable.  Whether that is so is a decision that must be made, initially, by an arbitrator, with judicial review limited to a "state or federal court located in Boston, Massachusetts." Rivard Aff., Exh. A at ¶ 10.

Neither party mentioned the mandatory forum selection clause in the briefing regarding conditional certification. Accordingly, the court scheduled a conference with the parties to ask if they would oppose transfer of this case to the District of Massachusetts, where jurisdiction also lies, and

5

where both arbitration and court review would be fully consistent with the agreements' provision, and where all employees subject to an arbitration agreement (apparently nearly all of them) are contractually bound to litigate. Plaintiff agrees to transfer, but defendants have declined. Instead, defendants argue that the mandatory forum selection clause has no significance in these circumstances, and the case should remain here.

Whether the validity and enforceability of arbitration agreements must be resolved before sending notice of a pending FLSA collective action to employees who are parties to such agreements is unsettled. "District courts around the country have generated conflicting answers to the question of whether workers who signed arbitration agreements can receive notice of an FLSA collective action." Romero v. Clean Harbors Surface Rentals USA, Inc., 404 F. Supp. 3d 529, 532 (D. Mass. 2019) (collecting cases). Several district courts have found that evaluating the enforceability of an arbitration agreement is a merits-based decision, premature at the "conditional certification stage," and that notice (necessarily in the nature of a "contingent notice") should be sent to all potential members of the collective, without regard to an apparent arbitration agreement bar. See, e.g., Romero, 404 F. Supp. 3d

6

at 533-34; Bruno v. Wells Fargo Bank N.A., No. 2:19-CV-00587-RJC, 2021 WL 964938, at *6 (W.D. Pa. Mar. 15, 2021) ("this argument is premature, and we have no ability to determine whether certain arbitration agreements are enforceable against potential opt-in plaintiffs, and to hold otherwise would cause further delays in the FLSA notice process."); Gonzalez v. Diamond Resorts Int'l Mktg., Inc., No. 218CV00979APGNJK, 2020 WL 2114353, at *7 (D. Nev. May 1, 2020) ("[w]ithholding notice because of the existence of an arbitration agreement presupposes the enforceability of the agreement ... [and] the existence of an arbitration agreement goes to an aspect of [defendant's] defense, [so] the enforceability of such an agreement is better reserved for stage two of the certification process.") (quotation omitted); Cuevas v. ConAm Mgmt. Corp., No. 18CV1189-GPC(LL), 2019 WL 5320544, at *5 (S.D. Cal. Oct. 21, 2019) (collecting cases) ("the Court follows the district courts in this circuit and concludes that conditional certification is not defeated because certain California employees signed arbitration agreements."); Barone v. Laz Parking Ltd., No. 3:17-CV-01545(VLB), 2019 WL 5328832 at *3 (D. Conn. Oct. 20, 2019) (courts "have consistently refused to exclude plaintiffs from receiving notice simply because they have signed arbitration agreements.").

Other courts, including the Courts of Appeals for the Fifth and Seventh Circuits, have reached different conclusions. In In re JPMorgan Chase & Co., 916 F.3d 494, 502 (5th Cir. 2019), the Fifth Circuit held that "district courts may not send notice to an employee with a valid arbitration agreement unless the record shows that nothing in the agreement would prohibit that employee from participating in the collective action," reasoning that "alerting those who cannot ultimately participate in the collective 'merely stirs up litigation,' which is what Hoffmann-La Roche [v. Sperling, 493 U.S. 165, 174 (1989)] flatly proscribes." Similarly, in Bigger v. Facebook, Inc., 947 F.3d 1043, 1050 (7th Cir. 2020), the Seventh Circuit held that "a court may not authorize notice to individuals whom the court has been shown entered mutual arbitration agreements waiving their right to join the action. And the court must give the defendant an opportunity to make that showing." Both the Fifth and the Seventh Circuits require that, prior to authorizing notice, the district court allow the defendant to submit evidence demonstrating "by a preponderance of the evidence, the existence of a valid arbitration agreement for each employee it seeks to exclude from receiving notice." Bigger, 947 F.3d at 1050; JPMorgan, 916 F.3d at 502-503.

While the law applicable to giving notice under such circumstances is unsettled and developing, it is clear that, at some early point in this litigation, the enforceability of the invoked arbitration agreements will have to be resolved. Employees who are parties to the agreement cannot participate as part of a collective unless and until the agreements they signed are found to be either invalid or unenforceable by an arbitrator, or on judicial review in a state or federal court in Boston.  The mandatory forum selection clause also makes it clear that this court is not the proper forum in which to adjudicate the validity or application of those agreements (or, more precisely, to review any arbitration decision or award).

The court may, in its discretion, transfer any civil action to another district in which it might have been brought, "[f]or the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).  The Court of Appeals for the First Circuit has recognized that "[s]ection 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 12 (1st Cir. 2009) (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)).

9

A civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). This action could have been filed in the District of Massachusetts; as discussed, TBD is headquartered and incorporated in the State.

Our Court of Appeals has instructed that a contractual forum selection clause is "a significant factor that figures centrally in the District Court's calculus" under Section 1404(a). Astro-Med, Inc., 591 F.3d at 12. And, as the Supreme Court has stated, when the parties' contract contains a valid forum-selection clause, that clause "[should be] given controlling weight in all but the most exceptional cases." Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas, 571 U.S. 49, 63 (2013) (internal quotations omitted). That is because "the enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." Id. (quotations omitted).

The forum selection clause here, which reads "[a]ny action brought to interpret and/or enforce this Agreement shall be

10

tried in state or federal courts located in Boston, Massachusetts," is mandatory, not permissive. Rivard Aff., Exh. A at ¶ 10 (emphasis added). See Claudio-De Leon, 775 F.3d at 46 ("it is axiomatic that the word "shall" has a mandatory connotation"). See also Provanzano v. Parker View Farm, Inc., 827 F. Supp. 2d 53, 60 (D. Mass. 2011) ("The use or words such as 'will' or 'shall' demonstrate parties' exclusive commitment to the named forum.").

In this case, defendants have invoked the arbitration agreements as an obstacle that must be overcome before formal notice of the collective FLSA action can be given to those employees subject to them. While it might be argued that defendants' invocation amounts to an effort to "enforce" the arbitration agreements, and so must be done only in a "federal or state court in Boston," it is equally plausible that the interposition is merely in the nature of pointing out that the proposed collective is too broad, in that nearly all of the putative members, unlike plaintiff, are likely ineligible. Either way, however, whether "conditional notice" is given to employees apparently parties to arbitration agreements, or not, eventually, the validity and enforceability of those agreements will have to be resolved by an arbitrator, and, if judicial review is sought, by a federal or state court in Boston. So,

11

while this is not a straight-forward application of a mandatory forum selection clause to litigation directly subject to that clause, the forum selection clause is so closely related to the proposed FLSA collective action that its existence militates in favor of transferring the case.

As plaintiff now recognizes, this case is better litigated in the District of Massachusetts, where it could have been filed initially, because the looming obstacle to certification of the collective and sending notice to the employees of TBD, is the interposed arbitration agreements. That obstacle can only be addressed in arbitration and reviewed by courts located in Boston. The district court may conditionally certify the collective and give notice to all employees, or may decline to do so, or may delay any conditional certification pending any challenges to the arbitration agreements' effect with respect to an FLSA collective action. In the end, however, whatever procedural path is followed, the federal court in Boston is a proper forum under the forum selection clause in which to resolve the effect of the referenced arbitration agreements, and this court is not.

## CONCLUSION

The plaintiff's choice of forum is ordinarily entitled to deference, but plaintiff's views have changed for legitimate

12

reasons.  He now expressly agrees (document no. 77) that the matter should be transferred to the District of Massachusetts (specifically, the sessions sitting in Boston), where the presiding district judge would be able to decide whether to give "conditional notice" to employees covered by the arbitration agreements, or determine preliminarily whether those agreements preclude giving notice, or refer the issues of validity, enforceability and application to arbitration, and thereafter properly review any subsequent arbitration decision – all consistently with applicable federal law and the mandatory forum selection clause in the interposed arbitration agreements.

For the foregoing reasons, convenience, efficient use of judicial resources, respect for mandatory forum selection clauses, and the interests of justice, all favor transferring this matter to the United States District Court for the District of Massachusetts.  The court directs the clerk to transfer this action to the United States District Court for the District of Massachusetts, specifically to the sessions sitting in Boston.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 30, 2021

cc:  All counsel of record

13